**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-CR-89-HAB |
| | ) | |
| TYQUANE L. STEWART | ) | |

## OPINION AND ORDER

Tyquane L. Stewart ("the Defendant") filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 53).[1] The Government filed its response to his Motion on August 17, 2020. (ECF No. 61). For the following reasons, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On December 20, 2016, the Defendant was charged in a single count Indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). This charge stemmed from an incident on November 16, 2016, wherein the Fort Wayne Police Department responded to a complaint of shots being fired from a stolen vehicle. After locating the stolen vehicle, the police officer observed two men exiting the vehicle. The police officer chased the Defendant and observed something being thrown into a trash can. Before taking the Defendant into custody the police officer found a black handgun at the bottom of the trash can, a Smith and Wesson M&P,

---

[1] To the extent the Defendant was seeking a reduction pursuant to the First Step Act ("FSA") and pursuant to this Court's General Order 2020-11, the Court referred the letter to the Northern District of Indiana Federal Community Defenders, Inc. ("FCD") for it to consider representing the defendant with respect to his motion. (ECF No. 53). On August 4, 2020, the FCD filed a Notice indicating that it would not be appearing on the Defendant's behalf. (ECF No. 57). Consistent with the Court's order, the Government responded to Defendant's *pro* se motion. (ECF No. 61).

380 cal. The Defendant claimed the younger male in the car with him threw it on his lap and fled because he was panicked. The witnesses who reported the stolen vehicle and shots being fired identified the Defendant as the shooter. After pleading guilty to the Indictment pursuant to a written plea agreement, the Defendant was sentenced to 100 months of imprisonment and one year of supervised release. (ECF No. 39). The Defendant is currently housed at USP Hazelton in Bruceton Mills, West Virginia, with an anticipated release date in June 2024.

## DISCUSSION

The Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

   (i) extraordinary and compelling reasons warrant such a reduction …

   … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further, and he has not done so here. This Court has previously held that §

3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020); see also *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020); *United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[2]

This Court has repeatedly declined to weigh in on whether the exhaustion requirement is a mandatory one or subject to equitable considerations, such as waiver. *See United States v. Russell,* No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the absence of clear precedent on exhaustion, this Court's preference has been to "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5.  This case is no different.

The Defendant asserts that he has maintained a close relationship with his grandmother and that he fears she will become infected with COVID-19. He further indicates that he has taken advantage of programming within the BOP and has provided certificates evidencing his completion of such programming. He indicates that if he was released to home detention, he plans

---

[2] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in all other compassionate release cases in this division, reserved its right to contest this issue.

to continue his education by receiving a bachelor's degree in industrial technology, welding and assembly. (ECF No. 53 at 2).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020

WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

In this case, the Defendant's filings give this Court very few reasons, let alone extraordinary or compelling ones, to justify granting his motion. The Defendant, age 28, has not articulated any medical condition that makes him more susceptible to the virus nor has he provided any basis for the Court to conclude that he suffers from a serious condition that increases the likelihood of severe consequences from COVID-19.

Defendant has identified some family circumstances that he hopes would warrant his release, namely that he fears his 64-year-old grandmother may contract COVID-19. While the Court is sympathetic to the concerns of the Defendant regarding the health of his aging grandmother, "family circumstances that would amount to an extraordinary and compelling reason [for compassionate release] are strictly circumscribed under the [applicable United States Sentencing Commission] policy statement…" *United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. April 13, 2020); *see also* U.S.S.G. § 1B1.13 cmt. n.1(C) (limiting family circumstances that may be considered an adequate reason for a sentence reduction to the need to care for the defendant's minor children or a spouse or registered partner, when no other caregiver is available). Thus, Courts have not considered a parent or grandparent's health as an "extraordinary and compelling" reason under 18 U.S.C. § 3582(c)(1)(A), *see, e.g.*, *United States*

5

*v. Bonel*, No. 4:14-CR-180 (4), 2020 WL 3470319, at *3 (E.D. Tex. June 25, 2020) (defendant's contention that she "is needed at home to help her grandmother," while commendable, does not meet the requirements for family circumstances that establish extraordinary and compelling reasons for release from imprisonment); *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *10 (D. Nev. June 2, 2020) (denying defendant's compassionate release motion to care for his widowed mother's deteriorating health); *Goldberg*, 2020 WL 1853298, at *4 (denying compassionate release motion and stating that "a desire to care for one's elderly parents does not qualify as an 'extraordinary and compelling' reason for release" under 18 U.S.C. § 3582(c)(1)(A)); *United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 15, 2019) (denying compassionate release motion to care for defendant's ill mother because "[m]any, if not all inmates, [have] aging and sick parents"). Accordingly, this factor does not aid the Defendant's cause.

To the extent the Defendant asks the Court to consider his completion of some programs while incarcerated at the BOP, the Court encourages the Defendant to continue his participation in such programs, as they are designed to benefit him upon his release from imprisonment. However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason…" for release. *See* U.S.S.G. § 1B1.13, commentary n.3. !

As for his confinement, as of the date of this Opinion and Order, USP Hazelton is reporting zero COVID-19 positive inmates, zero recovered inmates and zero inmate deaths.[3] Thus, there is no evidence to suggest that the conditions at USP Hazelton place him at a significant risk. *See, Melgarejo*, , 2020 WL 2395982, at *3 ("[A] prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious

---

[3] https://www.bop.gov/coronavirus/

outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus."), *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See* Federal Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp last visited September 8, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The minimal number of cases at this institution is a testament to the BOP's mitigation and safety efforts.

Finally, with respect to the § 3553(a) factors, the Court observes that the Defendant has served close to half of his 100-month sentence. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. As the Government points out in its response, the Defendant's criminal history in combination with the instant offense conduct demonstrate that he presents a significant danger to the community. In the instant offense, the Defendant not only possessed a firearm illegally but fired it at individuals. During a prior offense, the Defendant participated in an armed robbery of a bicyclist, placing him in fear at gunpoint. (ECF No. 56 at 13, ¶ 56). Along with the above offenses, the Defendant also has a lengthy history of resisting law enforcement and probation violations. Thus, the Court finds that the Defendant

poses a risk to the community and the significant sentence reduction the Defendant seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 53) is DENIED.

So ORDERED on September 9, 2020.

        s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT